SCAD-18-0000873

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

IN RE: CHARLES J. FERRERA, ESQ., (Deceased)

ORIGINAL PROCEEDING

<u>ORDER</u>

(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the February 8, 2019 motion to partially disburse funds, filed by attorney Allen K. Williams as trustee over the legal practice of deceased attorney Charles J. Ferrera, the declarations and exhibits attached thereto, the February 20, 2019 submission from the Office of Disciplinary Counsel (ODC) concerning the motion, and a review of the entire record in this matter, we conclude that $47,000.00 of the funds in the client trust account formerly maintained by attorney Ferrera are the property of Anita Kinimaka-Davis and should be disbursed to her. We further conclude that the requested disbursements of $5,645.38 to the Sue V. Hansen Client Trust Account, and a disbursement of $7,499.91 to the Schutter Dias & Smith Client Trust Account, for further disbursement to former clients of Ferrera's, are justified and warranted. We also concur with Trustee Williams's assessment of $6,501.00 of the

funds in the account.  With regard to the remaining funds in the client trust account, totaling $8,053.01, we note the thorough investigation undertaken by Trustee Williams, unsuccessfully, to establish the rightful owner or owners of the funds, and thank him for his diligence and persistence in the matter.  We also note that before January 1, 2014, Rules 1.15(a) and 1.15(c) of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994) required attorneys to hold  client funds separately in a client trust account, with the lawyer acting as a fiduciary, and required the lawyer to immediately withdraw earned fees, in order to avoid violating the prohibition against commingling the attorney's funds with client funds in the account.  We note that, since January 1, 2014, HRPC Rule 1.15 (2014) and Rule 4(a) of the Rules Governing Trust Accounting impose similar duties and prohibitions.  We therefore conclude, based upon an assumption that attorney Ferrera faithfully adhered to the obligations and duties imposed upon him by the HRPC, that the remaining funds in the account, absent evidence to the contrary, do not belong to attorney Ferrera but, rather, to unknown clients.  Given the unknown ownership of the funds, we conclude HRS Chapter 523A applies to them and further conclude that, absent submission of sufficient proof of ownership to Trustee Williams or a successor trustee, by claimants, including the Personal Representative of Ferrera's estate, the funds will be deemed abandoned as of December 2, 2023 (being five years from the date of the publication of Trustee Williams's trusteeship) and eligible to

2

escheat to the State at that time.  See HRS §§ 523A-3(a)(15), 523A-5(3)(B) (2018).  Finally, we concur with ODC's assessment that, given the *pro bono* nature of Trustee Williams's service, the general record of Ferrera's practice, and the cooperation of the attorney and personal representative of Ferrera's estate, only minimal costs are likely to accrue during the completion of this trusteeship, and no fees or claims.  Therefore,

IT IS HEREBY ORDERED that Trustee Williams is authorized to disburse $47,000.00 from Ferrera's client trust account to Anita Kinimaka-Davis.

IT IS FURTHER ORDERED that Trustee Williams is authorized to disburse $5,645.38 in funds from the client trust account to the Sue V. Hansen Client Trust Account, in order that former co-counsel, attorney Hansen, can further disburse those funds to the care of Allicyn Hayes as guardian for Minor C.N., pursuant to the terms of the First Circuit Court's April 6, 2018 order in the record.

IT IS FURTHER ORDERED that Trustee Williams is authorized to disburse $7,499.91 from the client trust account to the Schutter Dias & Smith Client Trust Account, in order that Ferrera's former co-counsel, attorney Paul Smith, can disburse those funds to the appropriate clients.

IT IS FURTHER ORDERED that Trustee Williams shall obtain appropriate written recognition from Ms. Kinimaka-Davis and attorneys Hansen and Smith of the receipt of the funds, and shall file the documents in the record of this case, with

3

sensitive account information omitted or redacted.

IT IS FURTHER ORDERED that Trustee Williams shall maintain $6,501.00 in the client trust account, pending completion of his investigations into the Ramos representation and the possible identity of the rightful owners of those funds.

IT IS FURTHER ORDERED that Trustee Williams may cease further active attempts to discover the identity of the owner or owners of the remaining $8,053.01 in funds held in the client trust account. Trustee Williams, and successor trustees, shall maintain $8,053.01 in the client trust account until further order of this court.

IT IS FURTHER ORDERED that Trustee Williams shall, out of an abundance of caution, reassert the unliquidated claims on behalf of ODC, the Disciplinary Board of the Hawaiʻi Supreme Court, and the Lawyers' Fund for Client Protection in the probate matter regarding Ferrera's personal estate.

DATED: Honolulu, Hawaiʻi, April 10, 2019.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



4